UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tracee A. Beecroft,<br><br>      Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC,<br><br>      Defendant. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

## INTRODUCTION

1. This is an action for damages brought by Tracee A. Beecroft against Ocwen Loan Servicing, LLC, for its repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), Telephone Consumer Protection Act, 15 U.S.C. §227 *et seq.* ("TCPA") and invasions of privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this district because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendants transact business within Minnesota.

## PARTIES

4. Plaintiff, Tracee A. Beecroft, is a natural person residing in the City of New

London, County of Kandiyohi and State of Minnesota. She is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

5. Defendant, Ocwen Loan Servicing, LLC, ("Ocwen") is a Deleware corporation engaged in the business of collecting debts in Minnesota with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida. Defendant Ocwen is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

**FACTS**

6. On December 23, 2005, Plaintiff and her husband executed a promissory note to Ameriquest Mortgage Company. The note was secured by a mortgage encumbering the Plaintiff's residence in the city of New London.

7. In 2008, as a result of the financial difficulty, Plaintiff stopped making her mortgage payments and the mortgage went into default.

8. In March 2009, Ameriquest assigned the Plaintiff's mortgage to Deutsche Bank.

9. In March 2009, Deutsche Bank commenced a foreclosure by advertisement. On September 21, 2009, Deutsche Bank advertised a sheriff's sale.

10. In May 2009, the Plaintiff filed for Chapter 7 bankruptcy protection. The Court ordered a discharge on August 18, 2009.

11. Upon information and belief, on or around January 1, 2013, Defendant Ocwen received Plaintiff's mortgage account for servicing. Immediately thereafter,

Defendant Ocwen began attempting to collect the alleged balance due on the mortgage, despite the Plaintiff having no remaining legal obligation to pay the mortgage. Ocwen's collection efforts included letters, billing statements and repeated robocalls to Plaintiff's cellular telephone.

12. The mortgage was a financial obligation that was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

*Telephone Consumer Protection Act*

13. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

14. At all times relevant to this complaint, Defendant Ocwen has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

15. Defendant Ocwen at all times relevant to the complaint herein engaged in "telecommunications" defined by the TCPA 47 U.S.C. § 153(50).

16. Defendant Ocwen at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

17. At all times relevant to this complaint, the Defendant Ocwen has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

18. At all times relevant to this complaint, Defendant Ocwen has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## COLLECTION CALLS

19. Throughout the months from October 1, 2013, until February 1, 2014, Defendant Ocwen made approximately 58 phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in an attempt to collect the alleged balance due on the mortgage from Plaintiff.

20. On October 18, 2013, at 8:26 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

21. On October 18, 2013, at 8:27 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

22. On October 20, 2013, at 8:04 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

23. On October 121, 2013, at 8:38 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

24. On October 21, 2013, at 7:19 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

25. On October 22, 2013, at 8:34 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

26. On October 23, 2013, at 8:31 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

27. On October 24, 2013, at 8:23 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

28. On October 25, 2013, at 8:30 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

29. On October 26, 2013, at 8:20 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

30. On October 27, 2013, at 11:02 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

31. On October 28, 2013, at 8:13 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

32. On October 29, 2013, at 8:07 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

33. On October 30, 2013, at 8:16 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

34. On November 1, 2013, at 8:21 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

35. On November 2, 2013, at 8:04 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

36. On November 3, 2013, at 8:10 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

37. On November 5, 2013, at 9:19 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

38. On November 6, 2013, at 9:02 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

39. On November 7, 2013, at 8:44 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

40. On November 8, 2013, at 8:58 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

41. On November 11, 2013, at 8:30 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

42. On November 12, 2013, at 8:22 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

43. On November 13, 2013, at 11:09 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

44. On November 15, 2013, at 6:29 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

45. On November 16, 2013, at 8:10 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

46. On November 17, 2013, at 11:27 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

47. On November 18, 2013, at 12:37 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

48. On November 19, 2013, at 8:30 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

49. On November 20, 2013, at 11:12 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

50. On November 21, 2013, at 11:27 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

51. On November 22, 2013, at 11:08 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

52. On November 23, 2013, at 8:01 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

53. On November 25, 2013, at 12:26 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

54. On November 26, 2013, at 11:07 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

55. On November 27, 2013, at 10:25 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

56. On November 29, 2013, at 11:05 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

57. On December 1, 2013, at 1:14 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

58. On December 2, 2013, at 11:49 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

59. On December 3, 2013, at 11:07 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

60. On December 6, 2013, at 8:04 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

61. On December 7, 2013, at 8:04 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

62. On December 8, 2013, at 3:05 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

63. On December 9, 2013, at 12:30 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

64. On December 11, 2013, at 1:07 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

65. On December 16, 2013, at 1:11 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

66. On December 17, 2013, at 12:22 p.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

67. On December 24, 2013, at 12:52 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

68. On December 26, 2013, at 9:43 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

69. On December 28, 2013, at 10:07 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

70. On December 28, 2013, at 10:07 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

71. On December 29, 2013, at 11:00 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

72. On January 5, 2014, at 11:21 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

73. On January 7, 2014, at 10:47 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

74. On January 10, 2014, at 11:12 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

75. On January 11, 2014, at 9:39 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

76. On January 12, 2014, at 9:10 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

77. On January 13, 2014, at 1:25 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

78. On January 16, 2014, at 9:50 a.m., Defendant Ocwen made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was "800-746-2936."

### CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. Defendant Ocwen violated the FDCPA, 15 U.S.C. § 1692 *et seq.*, in its attempt to collect the alleged debt from Plaintiff. Defendant's violations include, but are not limited to, the violations described in Paragraphs 81 - 82 of this Complaint.

81. Defendant Ocwen violated 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring with the intent to annoy, abuse and harass Plaintiff.

82. Defendant Ocwen violated 15 U.S.C. §§ 1692f by engaging in unfair and unconscionable means to collect the alleged Debt, including using an automatic telephone dialing system to call Plaintiff's cellular telephone despite federal law prohibiting the use of such devices.

### COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)(1)

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Within the four year period immediately preceding this action, Defendant Ocwen made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

85. The acts and or omissions of Defendant Ocwen at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully,

intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

86. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Ocwen at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

87. Defendant Ocwen did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

88. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

89. Defendant Ocwen willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

90. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III.
### INVASION OF PRIVACY BY INTRUSION ON SECLUSION

91. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

92. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

93. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

94. Defendant Ocwen and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully calling Plaintiff's cellular telephone with equipment prohibited by federal law.

95. Defendant Ocwen and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

96. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

97. The conduct of Defendant Ocwen and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Ocwen which occurred in a way that would be highly offensive to a reasonable person in that position.

98. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### PRAYER FOR RELIEF

**THEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

### COUNT I.
### Violations of the Fair Debt Collection Practices Act

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

### COUNT II.
### Violations of the Telephone Consumer Protection Act

4. For a declaration that Defendant's telephone calls to Plaintiff violated the TCPA;

5. For an award of damages consistent with the TCPA, 47 U.S.C. § 227(b)(3)(B);

6. For an award of triple the damages available under 47 U.S.C. § 227(b)(3) for willful or knowing violations of the TCPA;

7. For a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

8. Such other or further relief as the Court deems proper;

## COUNT III.
### Invasion of Privacy by Intrusion Upon Seclusion

9. For an award of actual damages for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

10. For such other and further relief as may be just and proper.

Date: **January 15, 2015**

**HEANEY LAW FIRM, LLC**

Mark L. Heaney (MN #333219)
13911 Ridgedale Drive, Suite 110
Minnetonka, MN 55305-1773
Tel: (952) 933-9655
Fax: (952) 544-1308
mark@heaneylaw.com

*Attorney for Plaintiff Tracee A. Beecroft*